# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARCELLUS HAZELITT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-502      Seth W. Norman, Judge**

---

**No. M2003-02542-CCA-R3-CO - Filed November 18, 2004**

---

This matter is before the Court upon the State's motion to dismiss the appellant's appeal, or in the alternative, affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant filed a motion for correction or reduction of sentence that the trial court denied without benefit of a hearing. After reviewing the record in this case, we find the State's motion to affirm the judgment of the trial court by memorandum has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and THOMAS T. WOODALL, JJ., joined.

Marcellus Hazelitt, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

From the record, it appears that the appellant pled guilty to one count of aggravated burglary, one count of attempted aggravated robbery and one count of aggravated assault. As part of his plea agreement, the appellant agreed to serve five years for each count consecutively to one another as a Range I Standard Offender. The judgments were filed on March 19, 2003. On July 3, 2003, within 120 days of the judgments being entered, the appellant filed a motion to correct or reduce his sentence based upon Rules 35 and 32(c) of the Tennessee Rules of Criminal Procedure. In this motion, the appellant argued that these sentences should have been ordered to run concurrently. The trial court denied the appellant's motion based upon authority which states that consecutive

sentencing is subject to plea negotiations. The trial court went on to state that the appellant entered his plea agreement knowingly and voluntarily and that plea agreement indicated the consecutive service of sentences.

## Analysis

Rule 35 of the Tennessee Rules of Criminal Procedure states, "The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked." The standard of review when reviewing Rule 35 rulings is the "abuse of discretion" standard. The appellant did file his motion within the 120 days. However, we do not find that the trial court abused its discretion in this instance. As the trial court stated in its order, the appellant agreed to his plea agreement which included that the sentences would run consecutively. This court has held that consecutive sentencing is subject to plea negotiations. See State v. Matthew Stalcup, No. E2003-00481-CCA-R3-CD, 2004 WL 875265, at *11 (Tenn. Crim. App. at Knoxville, April 23, 2004); State v. Benjamin Christopher Ashworth, No. 03C01-9902-CC-00065, 1996 WL 804060, at *3-4 (Tenn. Crim. App. at Knoxville, Oct. 6, 1999); State v. Houston Grady Chapman, No. 01C01-9808-CC-00354, 1998 WL 855441 at *1 (Tenn. Crim. App. at Nashville, Dec. 11, 1998); Patrick Williams v. State, No. 01C01-9506-CR-00190, 1996 WL 233982, at * 4-5 (Tenn. Crim. App. at Nashville, May 9, 1996).

## Conclusion

For the foregoing reasons the State's motion to affirm, pursuant to Rule 20, Rules of the Court of Criminal Appeals in GRANTED. This judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE